UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CASE NO. 25-14060-CR-CANNON

**UNITED STATES OF AMERICA**,

    Plaintiff,

v.

**SAMTANNA R. BURGESS**,

    Defendant.
                              /

## ORDER ACCEPTING IN PART REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO SUPPRESS

**THIS CAUSE** comes before the Court upon the Report and Recommendation issued by Magistrate Judge Shaniek M. Maynard on Defendant's Motion to Suppress Physical Evidence and Statements [ECF No. 42]. Defendant timely filed objections to the Report's recommendation to deny suppression of the firearm and statements [ECF No. 43]. The United States does not object to the Report except to the extent that it contains an immaterial adverse credibility determination [ECF No. 44]. The Court has conducted a de novo review of the Report [ECF No. 42], the parties' Objections [ECF Nos. 43–44], and the full record pertinent to the Motion to Suppress.

Following such review, it is **ORDERED AND ADJUDGED** as follows:

1. The Report and Recommendation [ECF No. 42] is **ACCEPTED** in all respects except to the extent that it contains an adverse credibility determination regarding the extent to which Deputy Donnelly recognized the vehicle in question as being connected to Defendant (and relatedly, the point at which Deputy Donnelly reached a conclusive

determination on that issue in the course of the traffic stop) [ECF No. 42 pp. 8–9].[1] As the Report acknowledges, that credibility finding is neither determinative nor essential to the resolution of the Motion to Suppress [ECF No. 42 p. 9].  As a result, the Court is not bound to accept it or to conduct an additional hearing to reexamine the particular testimony.  *See Louis v. Blackburn*, 630 F.2d 1105, 1109 (5th Cir. 1980) (prohibiting a district court from entering an order inconsistent with "determinative" credibility choices of a magistrate without "personally hearing the live testimony").  More substantively, the Court agrees with the United States that the collective testimony of Deputy Donnelly on the issue in question—including Deputy Donnelly's acknowledgment that he harbored suspicions of a connection between Defendant and the blue Nissan prior to the stop [ECF No. 44 p. 4 (citing transcript)]—does not warrant an adverse credibility finding on the specific facts presented, at least not without additional precision and clarification.  This conclusion does not offend the strong deference to be afforded to credibility findings given the non-essential nature of the finding in question.  *Cf. Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1250 (11th Cir. 2007) ("[A] district court may not override *essential*, demeanor-intensive fact finding by a magistrate judge without hearing the evidence itself or citing an exceptional justification for discarding the magistrate judge's findings." (emphasis added)).

---

[1] The Report references and questions Deputy Donnelly's testimony on that topic, finding it "unlikely that Deputy Donnell did not recognize the car as one connected to Defendant at the time the officers decided to make the stop [ECF No. 42 p. 9].

CASE NO. 25-14060-CR-CANNON

2. The balance of the well-reasoned Report is **ACCEPTED** over Defendant's Objections, which do not provide a basis to disturb the conclusions reached in the Report.[2]

3. Defendant's Motion to Suppress is **GRANTED IN PART AND DENIED IN PART**, consistent with the Report as modified herein [ECF No. 20].

**ORDERED** in Chambers at Fort Pierce, Florida this 23rd day of February 2026.

*[signature]*

AILEEN M. CANNON
UNITED STATES DISTRICT JUDGE

cc:  counsel of record

---

[2] The United States does not object to the Report's determination that the police lacked probable cause as to the police K9 alert [*see generally* ECF No. 44].  The Court finds no clear error in the Report's conclusion on that subject given the United States' anemic offer of proof on the specific K9 alert in this case.